**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
jischiller@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Robert D. Gordon (admitted *pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2372
rgordon@bsfllp.com

*Attorneys for Alleged Debtor The Fay San Jose, LLC*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE FAY SAN JOSE, LLC,<br><br>      Alleged Debtor. | Case No. 5:25-BK-51774 SLJ<br><br>Chapter 7<br><br>**THE FAY SAN JOSE, LLC'S OPPOSITION TO MOTION TO STAY PROCEEDINGS, OR, IN THE ALTERNATIVE, CONTINUE THE HEARING ON THE FAY SAN JOSE, LLC'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PUNITIVE DAMAGES**<br><br>Judge:      Hon. Stephen L. Johnson |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. PROCEDURAL BACKGROUND ......................................................................................... 2

III. ARGUMENT ....................................................................................................................... 2

    A. Suffolk Fails to Meet Its Burden to Obtain a Stay; In any Event, Rule 8007(e) Factors Weigh Against a Stay or Continuance .................................................................................... 2

        1. Suffolk Fails to Show Irreparable Injury ............................................................ 3

        2. Suffolk Fails to Show Likelihood of Success on the Merits ................................ 5

        3. Suffolk Fails to Show Any Injury to Other Interested Parties ............................ 5

        4. Suffolk Fails to Show that Public Interest Justifies a Stay ................................. 6

    B. If the Court Orders a Stay or Continuance, It Should Impose a Bond .................................. 8

IV. CONCLUSION .................................................................................................................... 8

ii

THE DAVIS OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

# TABLE OF AUTHORITIES

**Cases**           **Page(s)**

*Ctr. for Food Safety v. Johanns*,
  2006 WL 8438127 (D. Haw. Dec. 12, 2006) .................................................................. 6

*Fredrickson v. Starbucks Corp.*,
  2014 WL 12707489 (D. Or. Apr. 9, 2014) .................................................................... 6

*Higgins v. Vortex Fishing Sys., Inc.*,
  379 F.3d 701(9th Cir. 2004) ........................................................................................ 7

*Hunt v. Zuffa, LLC*,
  528 F. Supp. 3d 1180 (D. Nev. 2021) .......................................................................... 6

*In re Adelphia Commc'ns Corp.*,
  333 B.R. 649 (S.D.N.Y. 2005) ..................................................................................... 3

*In re Amrusi*,
  674 B.R. 591 (Bankr. E.D.N.Y. 2025) ......................................................................... 8

*In Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Wash.*
  783 F. App'x 769 (9th Cir. 2019)................................................................................. 4

*In re Cherrett*,
  2016 WL 10744700 (Bankr. C.D. Cal. Oct. 6, 2016)............................................. 3, 4, 5

*In re Cont'l Coin Corp.*,
  2013 WL 4017122 (Bankr. C.D. Cal. Aug. 5, 2013) .................................................... 6

*In re Harris*,
  2021 WL 2526610 ....................................................................................................... 4

*In re de Kleinman*,
  150 B.R. 524 (Bankr. S.D.N.Y. 1992) ...................................................................... 6, 7

*In re First Republic Grp. Realty, LLC.*,
  421 B.R. 659 (Bankr. S.D.N.Y. 2009) ......................................................................... 4

*In re Magnale Farms, LLC*,
  2018 WL 1664849 (Bankr. N.D.N.Y. Apr. 3, 2018)............................................... 3, 5, 7

*In re Nemee*,
  2012 WL 8123401(Bankr. E.D. Cal. Jan. 27, 2012) .................................................... 4

*In re Reginald Escobar Silva & Carlita Marie Silva*,
  2015 WL 13345614 (C.D. Cal. Apr. 24, 2015)............................................................. 6

Case: 25-51774    Doc# 63    Filed: 03/05/26   Entered: 09/06/26 18:31:11    Page 3 of 13
THE OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

*In re SK Foods, L.P.*,
   2011 WL 10723414 (Bankr. E.D. Cal. Oct. 11, 2011) ................................................................ 4

*In re Szanto*,
   2022 WL 17178502 (B.A.P. 9th Cir. Nov. 23, 2022) ................................................................ 4

*In re Stewart*,
   604 B.R. 900 (Bankr. W.D. Okla. 2019) ................................................................................... 4

*In re Wellington*,
   631 B.R. 833 (Bankr. M.D.N.C. 2021) ..................................................................................... 7

*Lair v. Bullock*,
   697 F.3d 1200 (9th Cir. 2012) ............................................................................................. 3, 5

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ............................................................................................... 4, 5

*Martinez-Serrano v. I.N.S.*,
   94 F.3d 1256, 1259 (9th Cir. 1996) .......................................................................................... 4

*Masalosalo by Masalosalo v. Stonewall Ins. Co.*,
   718 F.2d 955 (9th Cir. 1983) .................................................................................................... 7

*Nken v. Holder*,
   556 U.S. 418 (2009) ....................................................................................................... passim

*Sagicor Life Ins. Co. v. Jang*,
   2020 WL 2510647 (C.D. Cal. Feb. 19, 2020) .......................................................................... 3

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) ................................................................................................................. 8

*White v. New Hampshire Dep't of Emp. Sec.*,
   455 U.S. 445 (1982) ................................................................................................................. 7

*Zhang v. Am. Gem Seafoods, Inc.*,
   339 F.3d 1020 (9th Cir. 2003) ................................................................................................. 8

**Rules**

Bankruptcy Code Section 303(b) ................................................................................................. 2

Bankruptcy Rule 8007 ................................................................................................................. 3

Bankruptcy Rule 8007(e) ............................................................................................................ 2

iv

On February 25, 2026, petitioning creditor Suffolk Construction Company, Inc. ("Suffolk") filed its Motion to Stay Proceedings, or, in the Alternative, Continue the Hearing on The Fay San Jose, LLC's Motion for Attorney's Fees, Costs, and Punitive Damages (Doc. No. 59) ("Stay Motion"). Alleged debtor The Fay San Jose, LLC ("The Fay") hereby opposes the Stay Motion.

## I.   INTRODUCTION

Suffolk, a multi-billion-dollar company, fails to establish—or even allege—any irreparable harm to Suffolk from having to respond to The Fay's Motion for Attorney's Fees, Costs, and Punitive Damages (Doc. No. 52) ("Fee Motion"), appear at the hearing, or pay money to The Fay pursuant to a judgment. Suffolk's Stay Motion should be denied on that basis alone.

Indeed, Suffolk's Stay Motion is devoid of legal arguments—failing even to state the legal standard for a stay pending appeal—and therefore fails to establish that Suffolk is entitled to the extraordinary relief it seeks. The Court should deny the Stay Motion because all the factors for a stay under *Nken v. Holder*, 556 U.S. 418 (2009) weigh in favor of denial: (1) Suffolk fails to show or even allege irreparable harm that could result from a prompt ruling on the Fee Motion; (2) Suffolk fails to show or even allege it is likely to succeed on the merits of its appeal; (3) Suffolk fails to show or even allege that a prompt ruling on the Fee Motion would injure any other party; and (4) Suffolk fails to show or even allege any public interest that would be harmed by a prompt ruling on the Fee Motion.

Suffolk's sole argument is that this action should be stayed to "conserve judicial resources and prevent piecemeal litigation" because an appeal is pending.[1] Contrary to Suffolk's argument, however, Suffolk's proposal would *cause* rather than prevent piecemeal litigation. If Suffolk loses its appeal, which is likely, this Court will have to lift the stay and render a decision on the fee issue, which Suffolk could once again appeal, resulting in two appeals. It would be more judicially efficient to decide the fee issue now and have that decision consolidated into a single appeal. Judicial efficiency therefore militates in favor of denying Suffolk's Stay Motion.

The Court's January 23, 2026, Order Granting Motion to Dismiss (Doc. No. 40) ("Dismissal

---

[1] The property underlying this case has been foreclosed, which moots the appeal, except for The Fay's entitlement to fees, costs, and damages under Section 303(i).

1

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

Order") contemplated a motion for fees, costs, and punitive damages. Suffolk failed to offer any good-faith compromise, forcing The Fay to file its Fee Motion, which deserves to be heard.

## II. PROCEDURAL BACKGROUND

On November 12, 2025, Suffolk filed a Chapter 7 Involuntary Petition (Doc. No. 1) ("Petition") against The Fay. On November 20, 2025, The Fay filed a Motion to Dismiss on the basis that Suffolk filed its Petition in bad faith and that the Petition was deficient pursuant to Section 303(b) of the Bankruptcy Code. (*See generally*, Doc. No. 5.) The Fay also requested attorneys' fees, costs, and punitive damages. (*See id.* at 14–15.)

On January 23, 2026, the Court issued its Dismissal Order, agreeing with The Fay's arguments and dismissing the Petition based on both a finding of bad faith and a finding that the Petition was deficient under Section 303(b). (*See generally* Dismissal Order.) The Court contemplated that The Fay would file a motion for fees, costs, and damages, and expressly referenced such a motion in its Dismissal Order. (*See id*. at 12.) The Court gave Suffolk the opportunity to "come to a resolution" with The Fay regarding costs, fees, and damages (*see id.* at 12), which Suffolk refused to do, offering $0.00, despite compromise proposals by The Fay. (*See* Doc. No. 55 at ¶ 5.) Having failed to reach an agreement, The Fay filed its Fee Motion, which is pending before the Court.

On February 2, 2026, Suffolk filed a notice of appeal of the Court's Dismissal Order. Rather than filing an opposition to The Fay's Fee Motion, Suffolk now seeks to stay proceedings before this Court or, alternatively, to continue the hearing on the Fee Motion.

## III. ARGUMENT

In its one-paragraph argument, Suffolk requests that the Court stay this case or continue the hearing on the Fee Motion pursuant to Bankruptcy Rule 8007(e). (*See* Stay Mot. at 4–5.) For the reasons set forth below, neither is warranted.

### A. Suffolk Fails to Meet Its Burden to Obtain a Stay; In any Event, Rule 8007(e) Factors Weigh Against a Stay or Continuance

When analyzing requests to stay or suspend proceedings under Bankruptcy Rule 8007(e), bankruptcy courts consider the following factors:

Case: 25-51774   Doc# 63   Filed: 03/05/26   Entered: 03/05/26 18:31:11   Page 6 of 13

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Cherrett*, 2016 WL 10744700, at *1 (Bankr. C.D. Cal. Oct. 6, 2016) (quoting *Nken*, 556 U.S. at 434). "The first two *Nken* factors are the '"most critical."' *Id.* (quoting *Nken*, 556 U.S. at 433). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id.* (quoting *Nken*, 556 U.S. at 434–44). This is a "heavy burden." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005); *In re Magnale Farms, LLC*, 2018 WL 1664849, at *3 (Bankr. N.D.N.Y. Apr. 3, 2018) ("A movant seeking a stay pending appeal under Rule 8007 bears the heavy burden of proving that it is entitled to a stay."). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (internal quotation marks omitted).

Here, Suffolk fails to meet this heavy burden. Indeed, Suffolk's Stay Motion does not set forth the above factors, let alone establish the elements that could permit the Court to find that they weigh in Suffolk's favor. Because Suffolk fails to set forth an argument, Suffolk has failed to meet the applicable burden, which warrants denial. *See, e.g.*, *Sagicor Life Ins. Co. v. Jang*, 2020 WL 2510647, at *2 (C.D. Cal. Feb. 19, 2020) ("Because Moving Defendants bear the burden of establishing that a stay is warranted, [. . .] their failure to provide any argument [. . .] is sufficient to justify denial of the Motion."); *In re Cherrett*, 2016 WL 10744700 at *1 (denying motion to stay, *inter alia*, because "pure legal conclusion, without analysis" and "conclusory statements and labels [. . .] unsupported by evidence or analysis within the Motion" were insufficient to satisfy the *Nken* factors)). !

In any event, all four *Nken* factors weigh against granting the Motion.

### 1. Suffolk Fails to Show Irreparable Injury

"This factor requires the stay applicant to show that there is 'a probability of irreparable injury if the stay is not granted.'" *In re Cherrett*, 2016 WL 10744700 at *2 (quoting *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012)). "[I]f the petitioner has not made a certain threshold showing

3

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

regarding irreparable harm [. . .] then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors [. . . .] In short, a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011); *In re Cherrett*, 2016 WL 10744700 at *2 (same).

Here, Suffolk does not attempt to show—or even mention—irreparable harm, which in itself warrants denial.[2]  In any event, Suffolk cannot suffer irreparable harm because the Fee Motion seeks only money—*i.e.*, fees, costs, and damages.  Monetary injuries are not irreparable harm.  *See In Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Wash.* 783 F. App'x 769, 770 (9th Cir. 2019) ("Simple monetary harm does not constitute an immediate threat of irreparable harm."); *In re Nemee*, 2012 WL 8123401, at *3 (Bankr. E.D. Cal. Jan. 27, 2012) (denying request for a discretionary stay pending appeal because "mere economic losses do not represent irreparable injuries"); *In re SK Foods, L.P.*, 2011 WL 10723414, at *30 (Bankr. E.D. Cal. Oct. 11, 2011) ("Irreparable harm consists of harm that cannot be remedied by an award of monetary damages, or an injury that cannot be quantified monetarily."); *In re First Republic Grp. Realty, LLC.*, 421 B.R. 659, 678 (Bankr. S.D.N.Y. 2009) ("An irreparable harm is one that cannot be remedied through a monetary award." (collecting cases)); *In re Stewart*, 604 B.R. 900, 907–08 (Bankr. W.D. Okla. 2019) (denying motion to stay appeal where the only damage the petitioner set forth was monetary).  For the same reason, Suffolk cannot argue that having to respond to the Fee Motion and eventually appear at a hearing would cause irreparable harm.  If the Court grants The Fay's Fee Motion and enters a money judgment against Suffolk, then Suffolk may, at the appropriate time, seek a stay of enforcement by posting a bond or by other means authorized by the Bankruptcy Rules.

While the parties disagree about the merits of the issues on appeal, the only relevant question here is whether having to respond to the Fee Motion and eventually appear at the hearing will result in irreparable harm to Suffolk.  The clear answer is that it will not.  This factor therefore mandates denial

---

[2] Suffolk cannot raise arguments for the first time in a reply. *See In re Harris*, 2021 WL 2526610, at *7 (Bankr. C.D. Cal. Feb. 17, 2021) ("[litigants] cannot raise a new issue for the first time in their reply briefs" (quoting *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996))); *e.g.*, *In re Szanto*, 2022 WL 17178502, at *2 (B.A.P. 9th Cir. Nov. 23, 2022) (arguments raised for the first time in a reply brief were waived).

Case: 25-51774    Doc# 63    Filed: 03/05/26    Entered: 03/05/26 18:31:11    Page 8 of 13

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

of Suffolk's Stay Motion. *See Leiva-Perez*, 640 F.3d at 965 (reaffirming "the bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors").

### 2. Suffolk Fails to Show Likelihood of Success on the Merits

"[I]t is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *In re Cherrett*, 2016 WL 10744700 at \*1 (denying motion to stay, *inter alia*, because the petitioner failed to set forth an analysis showing why it was likely to prevail on the merits (quoting *Nken*, 556 U.S. at 433)). Rather, "a petitioner must show that there is a substantial case for relief on the merits." *Id.* at \*1 (quoting *Lair*, 697 F.3d at 1204).

Here, Suffolk does not even attempt to argue that it is likely to prevail on the merits, which independently warrants denial. To the contrary, the Motion unequivocally states that "Suffolk commenced the Involuntary Case to halt the Foreclosure Sale." (Stay Mot. at 3.) As this Court noted, filing a bankruptcy petition for the improper purpose of causing a delay amounts to bad faith. (*See* Dismissal Order at 9.) Having admitted to having filed the Petition to delay the foreclosure sale and, thus, in bad faith, Suffolk cannot show that it has a "substantial case for relief on the merits" on appeal. *See In re Cherrett*, 2016 WL 10744700 at \*1 (quoting *Lair*, 697 F.3d at 1204)).

Accordingly, this factor weighs in favor of denying the Stay Motion.

### 3. Suffolk Fails to Show Any Injury to Other Interested Parties

The Stay Motion sets forth no basis upon which the Court could find that this factor is met. *See In re Cherrett*, 2016 WL 10744700 at \*3 (factor not met where "[n]o basis is given for whether a stay would result in harm to other parties"). In addition, The Fay would be substantially harmed by a stay or continuance. It is evident that Suffolk—a multi-billion-dollar company that chose to initiate meritless involuntary proceedings—wants to avoid responding to the Fee Motion and appearing for a hearing, which will delay resolution of the Fee Motion. In the meantime, Suffolk's bad-faith and baseless Petition has caused The Fay to incur fees and costs in the amount of no less than $873,158.46. (*See* Doc. No. 54 at 2.) Fees and costs continue to accrue, as Suffolk has commenced baseless appellate proceedings, further protracting litigation. *See In re Magnale Farms*, 2018 WL 1664849 at \*5 ("it is

Case: 25-51774    Doc# 63    Filed: 03/05/26    Entered: 03/05/26 18:31:11    Page 9 of 13

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

evident that [party] will suffer substantial injury in the face of a stay pending appeal because [other party] has caused [party's] debt to increase exponentially [ . . .] by means of [. . .] substantial and unnecessary additional expenses [. . .] including attorney's fees").[3]

4. <u>Suffolk Fails to Show that Public Interest Justifies a Stay</u>

In examining public interest, courts primarily look at judicial economy and the finality of litigation. *See In re de Kleinman*, 150 B.R. 524, 529 (Bankr. S.D.N.Y. 1992).

Suffolk argues that "[s]taying the entire Involuntary Case or continuing the hearing on the Fee Motion while the Appeal is pending will conserve judicial resources and prevent piecemeal litigation." (Stay Mot. at 4–5.) This conclusory and generic argument does not set forth why public interest would weigh in favor of a stay or continuance here, as opposed to virtually any other case in which a petitioning creditor files an appeal challenging dismissal while a motion for fees is pending.

Courts typically do not stay or continue proceedings pending an appeal when a motion for fees is pending. *See, e.g.*, *Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1183–84 (D. Nev. 2021) (denying motion to continue ruling on motion for fees until after the appeal, including because "a prompt ruling on attorneys' fees best serves the policy against piecemeal appeals" (quotation marks omitted)); *Fredrickson v. Starbucks Corp.*, 2014 WL 12707489, at *1 (D. Or. Apr. 9, 2014) (affirming denial of motion to stay pending appeal, *inter alia*, because "an appeal of that order could be combined with the pending appeal on the merits, thereby foreclosing the possibility of a second appeal concerning attorney fees"); *Ctr. for Food Safety v. Johanns*, 2006 WL 8438127, at *5 (D. Haw. Dec. 12, 2006) (denying motion to stay proceedings, including because "a ruling on the Petition may permit an appellate review of the disputed fees at the same time as a review of the merits"); *In re Cont'l Coin Corp.*, 2013 WL 4017122, at *1 (Bankr. C.D. Cal. Aug. 5, 2013) (noting that the court denied a motion for stay pending appeal while a motion for fees was pending). Indeed, a stay pending appeal is an "extraordinary relief." *In re Reginald Escobar Silva & Carlita Marie Silva*, 2015 WL 13345614, at

---

[3] Tellingly, the Court issued its Dismissal Order on January 23, but Suffolk has not yet filed an appellate opening brief—a lack of promptness that undermines its purported need for extraordinary interim relief. The Fay must also incur fees and costs in relation to Suffolk's Stay Motion, which is unsupported by legal argument and does not even set forth the applicable legal standard.

6

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

*1 (C.D. Cal. Apr. 24, 2015); *In re Wellington*, 631 B.R. 833, 838 (Bankr. M.D.N.C. 2021); *In re Magnale Farms*, 2018 WL 1664849 at *3 (collecting cases).

In any event, a stay would cause rather than prevent piecemeal litigation, insofar as Suffolk will likely lose on appeal, and this Court will have to lift the stay and rule on the Fee Motion, opening the door to a second unmeritorious appeal. *See White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982) ("And of course the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits."); *e.g.*, *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 705 (9th Cir. 2004) (noting that the appellant appealed a decision granting a fee motion after two prior appeals on the merits). Conversely, Suffolk could consolidate an eventual appeal regarding fees, costs, and damages with its current appeal. *See* Fed. R. Bankr. P. 8003(a)(4), (b)(2); *see also Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("If a district court decides a fee issue early in the course of a pending appeal on the merits, and the fee order is appealed, the appeals may be consolidated."). A prompt ruling on the Fee Motion is therefore likely to avoid protracted, piecemeal litigation and conserve judicial resources.

Moreover, the public policy of favoring finality in litigation far outweighs any judicial economy that would be served by staying these proceedings or postponing the hearing. Indeed, as this Court has found, Suffolk filed its Petition in bad faith to "tak[e] a second bite at the same apple" after losing on the merits in state court. (Dismissal Order at 10.) Bankruptcy courts have found finality in litigation to be particularly important where, as here, underlying issues have already been litigated in state court, but an automatic stay delayed foreclosure proceedings.[4] *See, e.g.*, *In re de Kleinman*, at 529; *In re Magnale Farms*, 2018 WL 1664849 at *7. A stay or continuance would also unnecessarily delay the resolution of the Fee Motion itself, which is the direct result of Suffolk's bad-faith initiation of meritless bankruptcy proceedings and refusal to negotiate.

For these reasons, all *Nken* factors weigh in favor of denying the Stay Motion.

---

[4] On February 20, 2026, Suffolk has requested dismissal of its state-court action. *See Suffolk Construction Company, Inc. v. The Fay San Jose, LLC, et al.*, Santa Clara Cnty. Superior Ct. Case No. 25CV470431 (request for dismissal filed on February 20, 2026).

Case: 25-51774    Doc# 63    Filed: 03/05/26    Entered: 03/05/26 18:31:11    Page 11 of 13

THE FAY'S OPPOSITION TO MOTION TO STAY
Case No. 5:25-BK-51774

**B.    If the Court Orders a Stay or Continuance, It Should Impose a Bond**

As discussed above, Suffolk fails to meet its burden to show that the extraordinary relief it seeks is warranted, and all *Nken* factors weigh in favor of denying the Stay Motion.  Should the Court disagree, The Fay respectfully requests that the Court order Suffolk to post a bond for the full amount of fees, costs, and punitive damages requested in the Fee Motion (*see* Fee Mot. at 15), which is at the lower end of the single-digit-ratio range.  *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1044 (9th Cir. 2003) ("[w]e are aware of no Supreme Court or Ninth Circuit case disapproving of a single-digit ratio between punitive and compensatory damages"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *In re Amrusi*, 674 B.R. 591, 629 (Bankr. E.D.N.Y. 2025).

**IV.    CONCLUSION**

For the above reasons, the Court should deny the Stay Motion.  Alternatively, the Court should order Suffolk to post a bond in the amount of $2,573,158.46.

8

Dated: March 5, 2026

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: _Joshua I. Schiller_
    Joshua I. Schiller

Joshua I. Schiller (SBN 330653)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   (415) 293-6800
jischiller@bsfllp.com

Robert D. Gordon (admitted *pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2372
rgordon@bsfllp.com

*Attorneys for Alleged Debtor The Fay San Jose, LLC*

9